PETER SCHLICHER

*v.*

THE TRENTON, LAKEWOOD AND ATLANTIC RAILROAD COMPANY.

[Decided November 7th, 1907.]

1. Under the amendment to the General Railroad law passed March 4th, 1879 (*Gen. Stat. p. 2649 § 46*), the state treasurer cannot pay out the funds or any part thereof paid into the state treasury thereunder by a railway company by virtue of an assignment made by such company which afterwards becomes insolvent.

2. The construction of such amendment by the supreme court in *Willson* v. *Swain, 60 N. J. Law (31 Vr.) 115*, adopted and followed.

*Mr. Scott Scammell,* for the Mechanics National Bank, claimant.

*Mr. John M. Dickinson,* receiver, *pro se.*

MAGIE, CHANCELLOR.

The Mechanics National Bank of Trenton presented to the receiver in this cause a claim to a fund of $12,000 now in the state treasury. Its claim is based upon an alleged assignment to it by the Trenton, Lakewood and Atlantic Railway Company, which has been declared to be insolvent. The claim was presented to the receiver appointed in the cause and he refused to allow it. His refusal has been brought before me by the counsel for the bank, the receiver appearing *pro se.*

The facts are admitted. The $12,000 claimed is what remains of $80,000 paid into the state treasury by the insolvent company pursuant to the provisions of *placitum* 46 of the supplement to the General Railroad act. *2 Gen. Stat. p. 2649.* From the $80,000 paid in $60,000 was afterward returned to the company because of an alleged abandonment of thirty miles of the pro-

posed line, under the provisions of *placitum* 60, a supplement to that act. *2 Gen. Stat. p. 2655.* Afterward $8,000 was returned to the company upon the construction of four miles of the line. The remaining $12,000 stands to secure the interest of the public in the construction of the remaining six miles.

The state treasurer cannot pay out that sum or any part of it except upon proof of the completion of the road over the six miles, or over some part thereof, or of the abandonment thereof. The act requires any payment from such a fund to be made to the company that deposited it, therefore the company cannot endow any other person with an interest in the fund thus held. If the state treasurer were now in a position to be required to pay out the $12,000 the payment must be made to the receiver.

A similar question was presented to the supreme court, and their construction of the statutes in question agrees with the view I have taken. *Willson* v. *Swain, 60 N. J. Law (31 Vr.) 115.*

If the receiver were in possession of funds of the company by which he could complete the road, and were permitted to do so on the ground that such completion would be of benefit to the parties interested, the fund would be paid to him. But if by reason of inability to complete the road, the receiver shall be obliged to sell the road, including its franchises, any company properly organized, purchasing the same and completing the road under the acquired franchises, would be entitled to the fund, a conditional interest in which the purchasing company would have acquired with the franchises.

The refusal of the receiver to allow this claim is approved.